UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ROSS CHARNO and					Case No.: 09-36566-BKC-JKO
AMANDA CHARNO,

    Debtors.					Chapter 7
_____/

DONALD F. WALTON,				Adv. No.
United States Trustee,

    Plaintiff,

vs.

ROSS CHARNO and
AMANDA CHARNO,

    Defendants.
_____/

## ADVERSARY COMPLAINT

Donald F. Walton (the "Plaintiff"), the United States Trustee for Region 21, files this Adversary Complaint against Ross Charno and Amanda Charno (the "Debtor") to object to the entry of an order of discharge pursuant to 11 U.S.C. § 727(a) and (c)(1), and alleges:

### THE PARTIES, JURISDICTION AND VENUE

1. On December 1, 2009 (the "Petition Date"), the Debtors filed a joint, voluntary petition under Chapter 7 of the Bankruptcy Code.

2. This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and 11 U.S.C. § 727.

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) to determine whether the Debtor is entitled to a discharge and arises from the filing of the above-styled Chapter 7 case.

5. The Plaintiff, as United States Trustee for Region 21, has standing to bring this action under 11 U.S.C. §§ 307 and 727.

6. Kenneth Welt was duly appointed as the Chapter 7 Trustee.

7. The Section 341 Meeting of Creditors was initially set for and held on January 06, 2010 and later concluded on February 8, 2010 (the "Meeting of Creditors").

8. Pursuant to the Federal Rules of Bankruptcy Procedure 4004(a), a complaint objecting to the Debtors' discharge must be filed within sixty (60) days following the first date set for the Meeting of Creditors, unless the time to object is extended by the Court. The last day to file a complaint objecting to the Debtors' discharge was initially March 8, 2010.

9. On March 5, 2010, the United States Trustee filed an agreed motion to extend deadlines. Subsequently, on April 19, 2010, this Court entered the Agreed Order on Motion of United States Trustee for Extension of Time to File Motion to Dismiss under 11 U.S.C. § 707(b) and for Extension of Time to Object to Debtors' Discharge Pursuant to 11 U.S.C. § 727(a), wherein the section 727(a) deadline was extended to April 30, 2010.

10. On April 27, 2010, this Court entered the Agreed Order on Second Motion of United States Trustee for Extension of Time to File Motion to Dismiss under 11 U.S.C. § 707(b) and for Extension of Time to Object to Debtors' Discharge Pursuant to 11 U.S.C. § 727(a), wherein the section 727(a) deadline was extended to May 31, 2010. Therefore, the Plaintiff timely files this complaint.

## FACTS SUPPORTING THE CLAIMS

A.  **Debtor's Schedules, Statement of Financial Affairs and Statement of Intention**

11. The Debtors' initial bankruptcy schedules (the "Schedules"), filed together with the voluntary petition, declared under penalty of perjury the following:

    A. According to Schedule A, the Debtors claimed an ownership of their current residence located in Davie, Florida ;

    B. Schedule B listed assets totaling $216,823.08;

    C. Schedule D listed secured claim totaling $2,449,393.19;

    D. Schedule F listed unsecured claims totaling $413,632.58;

    E. Schedule I stated that the Debtors' average monthly income is $10,600; and

    F. Schedule J stated the Debtors' household, monthly expenses is $12,032.

12. On line 7 of Schedule B, the Debtors disclosed the following:

| | | |
|---|---|---|
| **costume jewelry: earrings, bracelets, anklet and necklaces, watch; gold necklace, white gold necklace, diamond earrings, diamond wedding band (x2), wedding band, wedding rings and cuff links** | **J** | **$15.290** |

13. On line 13 of Schedule B, the Debtors disclosed the following:

| | | |
|---|---|---|
| **Owner: Charno's Custom Rides, Inc. Valuation is estimated by debtors. Business has no value without debtor** | **W** | **$10,126** |

B.  **Meeting of Creditors and Rule 2004 Examination**

14. At the Meeting of Creditors held on February 8, 2010, Mr. Charno testified that the

Debtors sold a ring for $10,000 after the Petition Date.

15. At the Debtors' Rule 2004 Examinations held on May 20, 2010, Mr. Charno testified that the Debtors sold a diamond ring to dealer for $10,000 in December 2009.

16. Mr. Charno testified that a significant portions of the proceeds were used to pay his bankruptcy attorneys.

17. The Debtors never obtained court approval for selling the diamond ring.

18. At the Debtors' Rule 2004 Examination, Mr. Charno further testified that Mrs. Charno transferred her ownership interest in Charno's Custom Rides, Inc. to Mr. Charno in April 2010. The Debtors never obtained court approval of the transfer.

19. At the Debtor's Rule 2004 Examination, Mr. Charno testified that the Debtors owed approximately $6,000-$8,000 prepetition to their accountant, Daniel Kaufman. Mr. Kaufman is not listed as a creditor on Schedule F.

20. At the Debtors' Rule 2004 Examination, Mr. Charno testified that the Debtors began having financial trouble several years ago, which stemmed in significant part from a state court lawsuit filed by Melvin H. Gale and Stanley Spielman.

21. Melvin H. Gale and Stanley Spielman have been active creditors in the bankruptcy case.

## COUNT I

**11 U.S.C. § 727(a)(2)(B) - Debtors, With Intent To Hinder, Delay, Or Defraud A Creditor And Officer Of the Estate, Has "Transferred" Or Allowed To Be "Transferred" Assets After The Petition Date**

22. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 21 and incorporates them by reference herein.

23. Section 727(a)(2)(B) provides that the court shall grant a debtor a discharge unless the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed property of the estate, after the date of the filing of the petition.

24. After the Petition Date, the Debtors transferred a diamond ring for $10,000 without court approval.

25. After the Petition Date, Mrs. Charno transferred her interest in Charno's Custom Rides, Inc. to Mr. Charno, who in turn permitted the transfer, without court approval.

26. The Debtors made the foregoing transfers prior to the expiration of the exemptions deadline.

27. The Debtors never informed the chapter 7 trustee of the foregoing transfers at the time the transfers were effectuated.

28. At the time the foregoing transfers were effectuated, the Debtors were represented by counsel. The Debtors should have know that the transfers needed court approval.

29. By virtue of the foregoing, the Debtors intentionally defrauded their creditors, let alone hindered or delayed them.

WHEREFORE, the Plaintiff demands judgment against the Debtors as follows: i) denying the Debtors a discharge; and ii) for such other and further relief the Court deems appropriate.

## COUNT II

### 11 U.S.C. § 727(a)(4)(A), False Oath or Account

30. The Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 21 and incorporates them by reference herein.

31. Section 727(a)(4)(A) provides that the Court shall grant a debtor a discharge unless the debtor has knowingly or fraudulently, in or in connection with the case made a false oath or account.

32. The Debtors signed their Petition, Schedules, and SOFA as being true and correct under penalty of perjury.

33. The Debtors knowingly and fraudulently made numerous false oaths in their case, in the following respects:

    A. The Debtors' disclosure on line 7 of Schedule B fails to provide an adequate description of the diamond ring sold after the Petition Date; and

    B. The Debtors failed to list their accountant as a creditor on Schedule F.

34. Accordingly, the Debtor's discharge should be denied for knowingly and fraudulently making a false oath or account.

WHEREFORE, the Plaintiff demands judgment against the Debtors as follows: i) denying the Debtors a discharge; and ii) for such other and further relief the Court deems appropriate.

DATED: May 30, 2010.

        Donald F. Walton
        United States Trustee
        Region 21

        /s/
        Ariel Rodriguez, Trial Attorney
        Florida Bar No.: 160253
        U.S. Trustee's Office
        51 SW 1st Ave.
        Miami, FL 33130
        Phone: (305) 536-7285
        Fax: (305) 536-7360
        ariel.rodriguez@usdoj.gov